UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DARIN G.,[1]

                        Plaintiff,

v.

LELAND DUDEK,[2] *Acting Commissioner of Social Security*,

                        Defendant.

Civil. No. 23-3774 (JRT/JFD)

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

---

Clifford Michael Farrell, **MANRING & FARRELL**, 5810 Shier Rings Road, Dublin, OH 43016; Edward C. Olson, **REITAN LAW OFFICE**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James D. Sides, Melissa K. Curry, and Sophie Doroba, **SOCIAL SECURITY ADMINISTRATION**, 6401 Security Boulevard, Office 4, Baltimore, MD 21235, for Defendant.

Plaintiff Darin G. challenges the Commissioner of Social Security's denial of his applications for disability insurance benefits and supplemental security income. Based in part on his rejection of the opinions of Darin G.'s treating physician, an administrative law judge ("ALJ") found that Darin G. did not have an impairment that would qualify him for

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions, such as this Order.
[2] Leland Dudek is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Martin J. O'Malley as the Defendant in this action.

benefits during the relevant period. Magistrate Judge Tony L. Leung issued a report and recommendation ("R&R") recommending the Commissioner's decision be affirmed. Because the ALJ's determination to deny an award of benefits is supported by substantial evidence, the Court will overrule Darin G.'s objections, adopt the R&R, deny Darin G.'s request for relief, and grant the Commissioner's request for relief.

## BACKGROUND

Because Darin G. does not specifically object to the statement of facts and procedural history in the R&R, the Court will adopt those statements in full and only briefly summarize the relevant background information here.

Plaintiff Darin G. applied for social security disability insurance benefits and supplemental security income on November 12, 2021, and alleged a disability onset date of January 1, 2018.[3] (AR 245–46, 252, Feb. 12, 2024, Docket No. 8.)[4] After a hearing, an ALJ determined that Darin G. was not disabled. (AR 36–48.)

The ALJ acknowledged there were impairments that significantly limited Darin G.'s ability to perform basic work activities, including degenerative disc disease, degenerative joint disease, major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, and personality disorder. (AR 39–40.) But ultimately the ALJ

---

[3] The alleged onset date was later amended to January 1, 2019. (Tr. at 377, Feb. 12, 2024, Docket No. 8.)

[4] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record, rather than the CM/ECF pagination.

concluded that Darin G. does not have an impairment or combination of impairments that meets the severity of one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 40–42.) The ALJ then found that Darin G. can perform light work but is unable to perform any past relevant work. (AR 42–46.) Similarly, the ALJ found that Darin G. can perform other jobs in the national economy that "exist in significant numbers" and that he was not disabled from January 1, 2018, through the date of the ALJ's November 2022 decision. (AR 47–48.)

In coming to its conclusions, the ALJ considered the medical opinions of several medical professionals, including Darin G.'s treating physician, Dr. Misty Eliason. (AR 45–46.) Dr. Eliason submitted a letter in support of Darin G.'s various diagnoses, noting that he would likely need unscheduled breaks of five minutes per hour and checking a form box that indicated he would need to be absent from work more than three days every month. (AR 45.) However, the ALJ found Dr. Eliason's opinion unpersuasive. (AR 46.) He noted, among other things, that Dr. Eliason only knew Darin G. for part of the relevant period, that some of her conclusions were not supported by or consistent with the evidence in the record, and that Darin G.'s medical testing only indicated mild to moderate anxiety, which was inconsistent with Dr. Eliason's ultimate opinion. (AR 45–46.)

After receiving the ALJ's decision, Darin G. sought review from the Appeals Council, which denied Darin G.'s request for review of the ALJ's decision. (AR 1–6.) Darin G. then

filed his Complaint seeking judicial review from the Court on December 11, 2023. (Compl., Docket No. 1.)  Darin G. and the Commissioner filed cross motions for summary judgment.  (Pl.'s SSA Br., Apr. 24, 2024, Docket No. 18; Def.'s SSA Br., May 22, 2024, Docket No. 20.)  The Magistrate Judge issued an R&R recommending that the Court deny Darin G.'s request for relief because the ALJ adequately weighed Dr. Eliason's opinions and reached a decision supported by substantial evidence.  (*See* R. & R. at 4–12, Nov. 14, 2024, Docket No. 21.)  Darin G. timely objected.  (Pl.'s Obj., Nov. 27, 2024, Docket No. 22.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvante*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error*.*"  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

When reviewing a denial of benefits, a court is limited to reviewing whether the decision complied with the law and whether the findings are supported by substantial

evidence. 42 U.S.C. § 405(g). A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole." *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[T]he threshold for such evidentiary sufficiency is not high. . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations and internal quotation marks omitted).

## II.    ANALYSIS

Darin G. files only one objection to the R&R: that the ALJ failed to properly evaluate Dr. Eliason's treating source opinions as required by 20 C.F.R. § 404.1520c.

In evaluating the persuasiveness of medical opinions, an ALJ must consider "(1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two

factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)).[5]

Darin G. argues the ALJ did not consider the consistency and supportability factors separately when evaluating the opinion evidence. The Magistrate Judge disagreed and found that the ALJ's analysis complied with the requirements. The Court agrees and finds that the ALJ properly considered the supportability and consistency factors, even if not calling them out directly by name.

First, the explicit use of the words "supportability" and "consistency" are not required, and the ALJ's failure to use these terms does not warrant remand. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b); *Mario O. v. Kijakazi*, No. 21-2469, 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022); *Atwood v. Kijakazi*, No. 4:20-1394, 2022 WL 407119, at *5 (E.D. Mo. Feb. 10, 2022) ("The fact that the ALJ did not use the words 'supportability' and

---

[5] The SSA has described supportability and consistency as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

'consistency' is not determinative; word choice alone does not warrant reversal." (citing *Kamann v. Colvin*, 721 F.3d 945, 951 (8th Cir. 2013))).

Second, there is sufficient evidence that the ALJ considered both the supportability and consistency[6] of Dr. Eliason's opinions. For example, the ALJ determined that Dr. Eliason's opinions lacked robust support because she only knew Darin G. for part of the relevant period; the ALJ also determined that several of her conclusions were not supported by or consistent with the evidence in the record. (AR 45–46.) The ALJ also noted that Dr. Eliason's finding that Darin G.'s anxiety and demeanor affected his ability to complete neuropsychological testing was inconsistent with Darin G.'s test results, which indicated only mild to moderate anxiety. (AR 45–46); *see Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.").

In sum, considering the full record, there is substantial evidence supporting the ALJ's decision denying Darin G. benefits, including evidence the ALJ considered the required supportability and consistency factors in his evaluation of Dr. Eliason's opinions. The Court concurs with the Magistrate Judge's recommendation to affirm the ALJ's decision.

---

[6] Though one line of Darin G.'s objection mentions the consistency factor, his objection focuses primarily on the supportability factor. Regardless, the Court finds the ALJ adequately considered both in his analysis.

The Court will therefore overrule Darin G.'s objections, adopt the R&R, deny Darin G.'s request for relief, and grant the Commissioner's request for relief.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 22] is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 21] is **ADOPTED**.

3. Plaintiff's Request for Relief [Docket No. 18] is **DENIED**.

4. Defendant's Request for Relief [Docket No. 20] is **GRANTED**.

5. The Commissioner's decision is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 14, 2025
at Minneapolis, Minnesota.

                                                  JOHN R. TUNHEIM
                                         United States District Judge